# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL JERINIC,<br><br>    Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC. & AMAZON.COM, LLC,<br><br>    Defendants. | Case No. 1:20-cv-06485 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and asserting original federal jurisdiction under 28 U.S.C. § 1332(d)(2), Defendants Amazon.com, Inc. and Amazon.com Services, Inc. f/k/a Amazon.com, LLC (together, "Amazon" or "Defendants"), through counsel, hereby remove the above-captioned action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois. In support of removal, Defendants state the following:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d)(2). This is a putative class action in which the size of the putative class exceeds 100 members; there is diversity between at least one member of the putative class of plaintiffs and one defendant; and, the amount in controversy exceeds $5 million, exclusive of interests and costs. This action thus is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453(b).

2. Removal to this Court is proper because the United States District Court for the Northern District of Illinois embraces the Circuit Court of Cook County, Illinois, County

Department, Chancery Division, where the Plaintiff commenced this action. *See* 28 U.S.C. §§ 93(a)(1), 1442(a).

## STATE COURT ACTION

3.      On September 28, 2020, Plaintiff Michael Jerinic filed a putative class action Complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2020-CH-06036, alleging that Amazon violated Illinois's Biometric Information Privacy Act ("BIPA"), 740 ILCS 41/1, *et seq*. *See* Ex. A.

4.      Plaintiff alleges that Amazon "unlawfully collects, obtains, stores, disseminates, and uses Plaintiff's and other's similarly situated biometric data in violation of BIPA." *Id.* ¶ 13. Plaintiff alleges that, as a result of Defendants' conduct, "Plaintiff and the putative Class lost the right to control the collection, use, and storage of their biometric identifiers and information and were exposed to ongoing, serious, and irreversible privacy risks—simply by going into work." *Id.* ¶ 9.

5.      Plaintiff alleges that Amazon failed to "[p]roperly inform Plaintiff and others similarly situated in writing that biometric identifiers or biometric information are being collected, obtained or stored, as required by BIPA" (*id.* ¶ 13(a)); "[p]roperly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their facial scans and other biometric identifiers or biometric information were being collected, obtained, stored, and used, as required by BIPA" (*id.* ¶ 13(b)); "[d]evelop and adhere to a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and other's similarly situated facial scans and other biometric identifiers or biometric information, as required by BIPA" (*id.* ¶ 13(c)); "[o]btain a written release from Plaintiff and others similarly situated to collect, obtain, capture, or otherwise obtain their facial scans and other biometric identifiers or biometric

information, as required by BIPA" (*id.* ¶ 13(d)); and "[o]btain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their facial scans and other biometric identifiers or biometric information to a third party as required by BIPA" (*id.* ¶ 13(e)).

6. For relief, Plaintiff seeks, on behalf of himself as well as a putative class, an order "(1) declaring that Amazon's conduct violates BIPA; (2) requiring Defendant's to cease the unlawful activities discussed herein; and (3) awarding statutory damages to Plaintiff and the putative Class." *Id.* ¶ 14.

7. On October 8, 2020, Plaintiff served a copy of the Complaint and summons in the above-captioned action upon Defendant Amazon.com, Services Inc. f/k/a Amazon.com, LLC. Ex. B.

8. On October 13, 2020, Plaintiff served a copy of the Complaint and summons in the above-captioned action upon Defendant Amazon.com, Inc. Ex. C.

9. On October 8, 2020, Plaintiff, through counsel, filed (a) a Motion for Class Certification and Request for Discovery on Certification Issues ("Motion"); (b) a Notice of Motion requesting a hearing on December 1, 2020 at 9:30 a.m.; and (c) Exhibits A, B, C, and C-1 to the Motion. Ex. D.

10. No further proceedings have occurred in the state court action.

## TIMELINESS

11. Removal is timely because Amazon filed this notice within thirty (30) days of Defendants' respective receipt of the Complaint. *See* 28 U.S.C. § 1446(b)(1).

## GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

12. Under CAFA, codified in relevant part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), this Court has original jurisdiction over this action because (a) the putative class includes more than

100 members; (b) there is minimal diversity of citizenship; and (c) there is at least $5 million in controversy.

### CLASS SIZE

13. The putative class Plaintiff seeks to represent includes more than 100 members. Under Plaintiff's allegations, the putative class would include Amazon employees who were required to have their facial geometry scanned by a facial recognition camera and have their temperature taken before entering an Amazon warehouse after approximately June 2020. *See* Ex. A ¶¶ 4–5.

14. The putative class action described in the Complaint satisfies the requirements of CAFA. While the precise number of individuals in the putative class cannot be determined until discovery, Plaintiff alleges that, "[t]here are at least many thousands of putative Class members." *Id.* ¶ 62; *see Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) ("[D]efendant may rely on the estimate of the class number set forth in the complaint.").

### MINIMAL DIVERSITY OF CITIZENSHIP

15. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

16. Plaintiff Michael Jerinic is a natural person and at all relevant times was a resident of the State of Illinois. Ex. A ¶ 15.

17. Defendant Amazon.com, Inc. is a Delaware corporation with its headquarters located at 410 Terry Avenue North, Seattle, Washington 98109. Amazon.com, Inc. is a publicly traded company that has no parent corporation. No publicly held corporation is known to own

10% or more of its stock. Amazon.com, Inc. is therefore a citizen of Delaware and Washington, not Illinois.

18. Defendant Amazon.com, LLC was a Delaware limited liability company that ceased operations by January 1, 2018. Amazon.com, LLC merged into Amazon.com Services, Inc., a wholly-owned subsidiary of Amazon.com, Inc. Amazon.com Services, Inc. thus is also a citizen of Delaware and Washington, not Illinois.

19. Accordingly, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A). *See, e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965–66 (7th Cir. 2016) (minimal diversity under CAFA existed when class representative was citizen of Illinois and defendant was a Delaware corporation with its principal place of business in Arizona).

### AMOUNT IN CONTROVERSY

20. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

21. Amazon's burden to demonstrate the amount in controversy is low and need show only that there is a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Cop. Int'l*, 639 F.3d. 761, 763 (7th Cir. 2011) (citation omitted).

22. Amazon denies the validity and merit of Plaintiff's claims, the legal theories upon which they are based, and that Plaintiff and the putative class are entitled to any alleged claims for monetary and other relief. Solely for the purposes of removal, however, and without conceding

5

that Plaintiff or the putative class is entitled to damages, the aggregated claims of the putative class establish that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

23. Plaintiff alleges "intentional and/or reckless" violations of BIPA (Ex. A at p. 20), which carry statutory damages of $5,000 "per violation." 740 ILCS 14/20. Plaintiff also alleges three separate BIPA "violations" in Counts I through III: violation of BIPA Sections 15(a), 15(b), and 15(d). *Id.* ¶¶ 71–94. Thus, based purely on the Complaint's allegations (which Amazon denies), and assuming an aggregate class size of only 1,000 (a fraction of the "many thousands of putative Class members," *id.* ¶ 62), if each class member is entitled to recover for only three "violations," recovery of greater than the $5,000,000 jurisdictional threshold is not "legally impossible" (*i.e.*, 1,000 class members x $5,000 statutory damages x 3 violations = $15,000,000). *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008).

### ARTICLE III STANDING

24. Standing exists under Article III of the U.S. Constitution for Plaintiff's three BIPA claims. *First*, the U.S. Court of Appeals for the Seventh Circuit's decision in *Bryant v. Compass Group, Inc.* makes clear that standing exists for Plaintiff's Section 15(b) claim. *See Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020), *as amended on denial of reh'g and reh'g en banc* (June 30, 2020) ("Compass's failure to abide by the requirements of section 15(b) before it collected Smart Market users' fingerprints denied Bryant and others like her the opportunity to consider whether the terms of that collection and usage were acceptable given the attendant risks. . . . This deprivation is a concrete injury-in-fact that is particularized to Bryant. She thus meets the requirements for Article III standing on her section 15(b) claim.").

25. *Second*, standing exists for Plaintiff's Section 15(d) claim (based on Amazon's alleged disclosure of his biometric information) under the same rationale articulated in *Bryant*.

*See, e.g.*, *Burlinski v. Top Golf USA Inc.*, No. 19-CV-06700, 2020 WL 5253150, at *4 (N.D. Ill. Sept. 3, 2020) (denying motion to remand Section 15(b) and 15(d) claims); *Figueroa v. Kronos Inc.*, 454 F. Supp. 3d 772, 781 (N.D. Ill. 2020) ("Plaintiffs have standing to pursue their claims under Sections 15(b) and 15(d).").

26. *Third*, standing exists for Plaintiff's Section 15(a) claim. In *Bryant*, the Seventh Circuit held plaintiff lacked standing to pursue her Section 15(a) claim because she alleged **only** a violation of the provision of Section 15(a) that requires publishing a written retention schedule and guidelines for destroying biometric identifiers. *Bryant*, 958 F.3d at 626. The Court did not reach the separate question of whether a claim brought under the provision of Section 15(a) that requires **compliance** with the published retention schedule and destruction guidelines could give rise to Article III standing. This case is distinguishable from *Bryant* because here, Plaintiff alleges that Amazon failed to develop **and follow** a biometric retention schedule (Ex. A ¶ 76), meaning standing exists for his Section 15(a) claim. *See, e.g.*, *Crumpton v. Octapharma Plasma, Inc.*, Case No. 19 C 8402, ECF No. 50 at 1 (N.D. Ill. July 29, 2020) (Article III standing existed for Section 15(a) claim because unlike *Bryant*, plaintiff "allege[d] that Defendant Octapharma Plasma possessed her biometric information without . . . "actually adher[ing] to [its] retention schedule and actually delet[ing] the biometric information").

## NOTIFICATIONS

27. Defendants will provide prompt written notice to Plaintiff, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

28. Defendants will promptly file a copy of this notice of removal with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division, in accordance with 28 U.S.C. § 1446(d).

**NON-WAIVER**

29. If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the removal clock will have not begun to run, and Defendants reserve the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

30. Defendants reserve all defenses and objections they may have to this action and without conceding either the Complaint's allegations or that Plaintiff has pleaded claims upon which relief may be granted.

**CONCLUSION**

For the foregoing reasons, this action is properly removed to this Court.

DATE: October 30, 2020                    Morgan, Lewis & Bockius LLP

/s/ Elizabeth B. Herrington
Elizabeth B. Herrington
77 West Wacker Drive
Chicago, IL 60601
T: (312) 324-1445
F: (312) 324-1001
beth.herrington@morganlewis.com

Raechel Keay Kummer*
Clara Kollm*
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T: (202) 739-3000
F: (202) 739-6000
raechel.kummer@morganlewis.com
clara.kollm@mroganlewis.com

*Counsel for Defendants*

*Motion for *pro hac vice* admission to be filed

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October, 2020, I caused a true and correct copy of the foregoing notice of removal, accompanying declaration, and attached exhibits to be served by first-class U.S. Mail postage prepaid and email upon counsel of record listed below:

Ryan F. Stephan
Catherine T. Mitchell
100 N. Riverside Plaza
Suite 2150
Chicago, IL 60606
T: (312) 233-1550
rstephan@stephanzouras.com
cmitchell@stephanzouras.com

/s/ Elizabeth B. Herrington
Elizabeth B. Herrington