## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM NAUGHTON, individually and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiffs,** | ) ) | **Case No. 1-20-cv-06485** |
| **v.** | ) ) ) | **Hon. Mary M. Rowland** |
| **AMAZON.COM, INC. and AMAZON.COM LLC,** | ) ) ) | |
| **Defendants.** | ) ) | |

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
## TO SUBSTITUTE NAMED PLAINTIFF

NOW COMES, Named Plaintiff, William Naughton ("Naughton"), by and through his undersigned counsel, and for his Motion for Leave to File a Second Amended Complaint to Substitute Named Plaintiff, states as follows:

1.      On March 17, 2021, this Court granted then-named plaintiff Michael Jerinic's motion for leave to file a First Amended Complaint ("FAC"), for the sole purpose of substituting William Naughton as the Named Plaintiff. (Dkt. 32).

2.      On April 14, 2021, Defendants filed a Rule 12(b)(6) Motion to Dismiss the FAC, which is fully briefed and pending. (Dkt. 37, 41, 42).

3.      Pursuant to the Court's January 11, 2021, Order directing the Parties to proceed with discovery, Plaintiff Naughton and Defendants have exchanged Rule 26(a) initial disclosures, interrogatories and document requests, including both Parties' responses to written discovery, the production of documents, and supplemental interrogatory responses.

4.      Moreover, as of the filing of this Motion, Plaintiff and his counsel are slated to depose two of Defendants' witnesses on December 8, 2021, and December 14, 2021.

1

5.     Plaintiff Naughton's deposition was scheduled for November 18, 2021.  Naughton and his counsel exchanged several phone calls and e-mails about scheduling his deposition and participated in a deposition preparation session on the evening of November 17, 2021.  However, on November 18, 2021, and unbeknownst to Plaintiff's counsel, Mr. Naughton failed to appear for his deposition.  Despite numerous phone calls, voicemails, text messages and e-mails on November 18, 2021, and the days that followed, expressing concern for his wellbeing, Plaintiff's counsel has not heard back from nor spoken with Mr. Naughton.  Soon thereafter, counsel sent an e-mail to Mr. Naughton informing him that if he did not respond or make communication in light of his failure to appear at his deposition, he would be removed as the named plaintiff in this case.  To date, counsel has not received a response from Mr. Naughton.

6.     Therefore, Plaintiff seeks leave to file a Second Amended Complaint for the sole purpose of substituting Cynthia Redd as the new Named Plaintiff.  A copy of Plaintiff's Second Amended Complaint is attached hereto as Exhibit A.

7.     A decision whether to grant a motion for leave to amend a complaint is within the sound discretion of the Court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."  "In the absence of any apparent or declared reason – such as undue delay, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"  *Opp v. Devine*, 621 F. Supp. 2d 635, 642 (N.D. Ill. 2009) (internal citations omitted).

8.     Plaintiff's motion is timely and will not cause Defendants any undue prejudice.  First, Plaintiff's counsel had no indication whatsoever that Mr. Naughton would not appear at this deposition on November 18, 2021, as they had been in consistent communication with Mr.

Naughton throughout the discovery process and leading up to that date, and had a deposition preparation session with him the evening before. And the instant motion comes less than two weeks since Plaintiff's counsel's last contact with Mr. Naughton. Second, though the Parties have engaged in significant discovery to date, the discovery deadline is currently set for February 28, 2022, which provides ample time for Ms. Redd to participate in the discovery process. And, there are no substantive changes to the operative complaint. Though Ms. Redd worked at a different Amazon facility, the allegations against Defendants for violations of BIPA relative to temperature scanning are the same for Ms. Redd as they were for Mr. Naughton. Accordingly, the majority of Defendants' written discovery responses and documents produced to date are not irrelevant or inapplicable, because they involve the same cameras and software technology and can be applied in the same way to Ms. Redd's claims.

9.     On November 30, 2021, Plaintiff's counsel inquired with Defendant's counsel as to whether Amazon would oppose the relief sought in the instant motion. On December 1, 2021, Defendant's counsel informed Plaintiff's counsel that Amazon intends to oppose Plaintiff's motion.

WHEREFORE, Plaintiff Naughton, by and through his counsel, respectfully requests that this Honorable Court grant him leave to file a Second Amended Complaint for the sole purpose of substituting Cynthia Redd as Named Plaintiff, attached hereto as Exhibit A.

Dated: December 1, 2021                    Respectfully Submitted,

                                           /s/ Catherine T. Mitchell

                                           Ryan F. Stephan
                                           Catherine T. Mitchell
                                           **STEPHAN ZOURAS, LLP**
                                           100 N. Riverside Plaza, Suite 2150
                                           Chicago, Illinois 60606
                                           (312) 233-1550

(312) 233-1560 *f*
rstephan@stephanzouras.com
cmitchell@stephanzouras.com

***Attorneys for Plaintiff and the
Putative Class Members***

**<u>CERTIFICATE OF SERVICE</u>**

I, the attorney, hereby certify that on December 1, 2021, I filed the attached with the

Clerk of the Court using the ECF system, which will send such filing to all attorneys of record.

*<u>/s/ Catherine T. Mitchell</u>*