**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CYNTHIA REDD, individually, and on behalf of all others similarly situated, | No. 1:20-cv-06485 |
| Plaintiff, | Honorable Mary M. Rowland |
| v. | **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC. and AMAZON.COM, LLC, | |
| Defendants. | |

## AMAZON'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT

Defendants Amazon.com, Inc. and Amazon.com Services LLC (formerly known as "Amazon.com LLC") (collectively, "Amazon"), by and through its attorneys, Perkins Coie LLP, hereby answers Plaintiff's Second Amended Class Action Complaint as follows. All facts not specifically admitted are denied. For ease of reference, Amazon uses the section headings in the Second Amended Class Action Complaint, but specifically denies any and all allegations and inferences of wrongdoing that may be contained in those section headings.

### NATURE OF THE ACTION

1.      Amazon.com, Inc. and Amazon.com, LLC., commonly known as "Amazon," is a leading multinational technology company, specializing in e-commerce, cloud-based servicing, streaming and artificial intelligence. It is considered one of the "Big Four" technology companies, alongside Google, Apple and Facebook.

**ANSWER:**  Amazon admits that it is a multinational company that offers its customers a large variety of product types, service offerings, and delivery channels, including on-demand technology services and online and physical stores. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegation that it is considered one of the "Big Four" technology companies. Amazon denies the remaining allegations in Paragraph 1.

2.      Amazon has thousands of fulfillment centers and warehouses throughout the world that service Amazon customers, including many in the State of Illinois.

**ANSWER:** Amazon admits that it has a fulfillment network including a variety of building types and sizes that service Amazon customers, including more than 30 warehouse facilities in the State of Illinois. Amazon denies the remaining allegations in Paragraph 2.

3.      Named Plaintiff, Cyntha [*sic*] Redd worked for Amazon as a Picker from September 2020 to October 2020 at one of its fulfillment warehouses located in Monee, Illinois.

**ANSWER:** Amazon admits that Plaintiff worked for Amazon at one of its fulfillment centers located in Monee, Illinois. Amazon denies that Plaintiff held the position of "Picker." Amazon denies that the dates of Plaintiff's employment at the Monee facility were September 2020 to October 2020. Amazon denies the remaining allegations in Paragraph 3.

4.      In approximately June of 2020 and in response to growing safety concerns related to the COVID-19 pandemic, Amazon began requiring its workers, including Plaintiff, to provide a scan of their facial geometry, and possibly other biometric information, as part of a wellness check prior to being allowed access to the facility each day.

**ANSWER:** Amazon admits that, in response to growing safety concerns related to the COVID-19 pandemic, Amazon began conducting wellness checks of workers at some Amazon facilities. Amazon admits those wellness checks involved measuring workers' surface body temperatures. Amazon denies the wellness checks began in approximately June of 2020. Amazon denies that it required its workers, including Plaintiff, to provide a scan of their facial geometry or any other biometric information in connection with the wellness checks. Amazon denies the remaining allegations in Paragraph 4.

5.      Plaintiff was required to have her facial geometry scanned by a facial recognition camera and have her temperature taken, before being allowed entry to the warehouse.

**ANSWER:** Amazon admits that Amazon measured Plaintiff's surface body temperature before she entered an Amazon facility. Amazon denies the remaining allegations in Paragraph 5.

6.      Upon information and belief, Amazon uses facial recognition devices and associated software at their fulfillment centers and warehouse locations throughout Illinois.

**ANSWER:** Amazon denies the allegations in Paragraph 6.

7.      Defendants' facial recognition devices and associated software collect and capture biometric identifiers such as scans of an individual's facial geometry, retinas, and irises. Amazon also scans and records the workers' temperatures.

2

**ANSWER:** Amazon admits that it measured workers' surface body temperatures in Illinois in response to growing safety concerns related to the COVID-19 pandemic. Amazon denies that it currently measures workers' surface body temperatures or that it recorded or currently records workers' surface body temperatures in Illinois. Amazon denies that it used or uses facial recognition devices and associated software to collect and capture any biometric identifiers, including but not limited to scans of an individual's facial geometry, retinas, and irises, in connection with its wellness checks. Amazon denies the remaining allegations in Paragraph 7.

8.      Facial geometry and other biometrics are unique and personal identifiers that cannot be changed.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8.

9.      As a result of Defendants' conduct, Plaintiff and the putative Class lost the right to control the collection, use, and storage of their biometric identifiers and information and were exposed to ongoing, serious, and irreversible privacy risks—simply by going into work.

**ANSWER:** Amazon denies the allegations in Paragraph 9.

10.     Databases containing sensitive, proprietary biometric data can be hacked, breached, or otherwise exposed, as in the recently publicized Clearview AI, Suprema, and Facebook/Cambridge Analytica data breaches.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

11.     An illegal market exists for biometric data. Hackers and identity thieves have targeted Aadhaar, the largest biometric database in the world, which contains the personal and biometric data—including fingerprints, iris scans, and facial photographs—of over a billion Indian citizens.[1] In January 2018, an Indian newspaper reported that the information housed in Aadhaar was available for purchase for less than $8 and in as little as 10 minutes.[2]

---

[1] *See* Vidhi Doshi, *A Security Breach in India Has Left a Billion People at Risk of Identity Theft*, The Washington Post (Jan. 4, 2018), *available at*:
https://www.washingtonpost.com/news/worldviews/wp/2018/01/04/a-security-breach-in-india-has-left-a-billion-people-at-risk-of-identity-theft/?utm_term=.b3c70259f138.
[2] Rachna Khaira, *Rs 500, 10 Minutes, and You Have Access to Billion Aadhaar Details*, The Tribune (Jan. 4, 2018), *available at* http://www.tribuneindia.com/news/nation/rs-500-10-minutes-and-you-have-access-to-billion-aadhaar-details/523361.html.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11.

12. Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq*., specifically to regulate companies that collect, store, and use Illinois citizens' biometrics, such as facial geometry scans.

**ANSWER:** Amazon admits that in the Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq*., the General Assembly stated that "[t]he public welfare, security, and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS § 14/5(g). Amazon admits that BIPA defines the term "biometric identifier" to include a "scan of . . . face geometry." Amazon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12.

13. Notwithstanding the clear and unequivocal requirements of the law, and despite being one of the leading forces in the technology sector, Amazon knowingly disregards Plaintiff's and other similarly situated employees' statutorily protected privacy rights and unlawfully collects, obtains, stores, disseminates, and uses Plaintiff's and other similarly situated workers' biometric data in violation of BIPA. Specifically, Defendant violated and continues to violate BIPA because they did not and continue not to:

   a. Properly inform Plaintiff and others similarly situated in writing that biometric identifiers or biometric information are being collected, obtained or stored, as required by BIPA;

   b. Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their facial scans and other biometric identifiers or biometric information were being collected, obtained, stored, and used, as required by BIPA;

   c. Develop and adhere to a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and others similarly situated facial scans and other biometric identifiers or biometric information, as required by BIPA;

   d. Obtain a written release from Plaintiff and others similarly situated to collect, obtain, capture, or otherwise obtain their facial scans and other biometric identifiers or biometric information, as required by BIPA; and

   e. Obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their facial scans and other biometric identifiers or biometric information to a third party, as required by BIPA.

**ANSWER:** Amazon denies the allegations in Paragraph 13.

14.     Accordingly, Plaintiff, on behalf of herself as well as the putative Class, seeks an Order: (1) declaring that Amazon's conduct violates BIPA; (2) requiring Amazon to cease the unlawful activities discussed herein; and (3) awarding statutory damages to Plaintiff and the putative Class.

**ANSWER:**  Amazon admits that Plaintiff seeks the stated forms of relief. Amazon denies that Plaintiff and the putative class are entitled to any relief whatsoever.

## PARTIES

15.     Plaintiff Cyntha [*sic*] Redd is a natural person and at all relevant times was a resident of the State of Illinois.

**ANSWER:**  Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16.     Defendant Amazon.com, Inc. is a Delaware corporation that is registered to do business in Illinois.

**ANSWER:**  Amazon admits that Amazon.com, Inc., is a Delaware corporation and that Amazon.com Services LLC is registered to do business in Illinois. Amazon denies the remaining allegations in Paragraph 16.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over Defendant pursuant to 735 ILCS § 5/2-209 because Amazon conducts business in Illinois, has locations in Illinois, and committed statutory violations alleged herein in Cook County, Illinois.

**ANSWER:**  Amazon admits that it conducts business in Illinois and has locations in Illinois. Amazon admits that, based on Plaintiff's allegations, this Court may exercise personal jurisdiction over Amazon in this case and at this time pursuant to 735 ILCS § 5/2-209. Amazon denies the remaining allegations in Paragraph 17.

18.     Venue is proper in Cook County because Amazon conducts business in Cook County and committed statutory violations alleged herein in Cook County, Illinois.

**ANSWER:**  Amazon admits that it conducts business in Cook County, Illinois. Amazon admits that, based on Plaintiff's allegations, venue is proper in Cook County in this case and at this time. Amazon denies the remaining allegations in Paragraph 18.

## FACTUAL BACKGROUND

### I.     The Biometric Information Privacy Act.

19.     In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS § 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary [sic] of this then-growing yet unregulated technology. *See* 740 ILCS § 14/5.

**ANSWER:** Amazon admits that 740 ILCS § 14/5(b) states that "[m]ajor national

corporations have selected the City of Chicago and other locations in this State as pilot testing

sites for new applications of biometric-facilitated financial transactions, including finger-scan

technologies at grocery stores, gas stations, and school cafeterias." Amazon admits that

740 ILCS § 14/5(d) states that an "overwhelming majority of members of the public are weary of

the use of biometrics when such information is tied to finances and other personal information."

Amazon lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in Paragraph 19.

20.     In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions—including at retail grocery stores—filed for bankruptcy. That bankruptcy alarmed the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records—which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data—could now be sold, distributed, or otherwise shared through the bankruptcy proceedings to third parties without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who used the company's fingerprint scanners were completely unaware the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to Pay by Touch, and that their unique biometric identifiers could now be sold to unknown third parties.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 20.

21.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS § 14/5.

**ANSWER:** Amazon admits that BIPA was enacted in 2008. Amazon admits that the

Illinois House Transcript, 2008 Reg. Sess., No. 276, attributes to Representative Kathy Ryg the

statement that "we are in very serious need of protections for the citizens of Illinois when it

6

comes to biometric information." Amazon admits that 740 ILCS § 14/5(g) states that the "public welfare, security, and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." Amazon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21.

22.     Additionally, to ensure compliance, BIPA provides that, for <u>each</u> violation, the prevailing party may recover $1,000 or actual damages, whichever is greater, for negligent violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS § 14/20.

**ANSWER:**  Amazon admits that 740 ILCS § 14/20 provides for a private right of action pursuant to which a "prevailing party may recover for each violation . . . against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater," and "against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater." Amazon denies that the liquidated damages provided for in 740 ILCS § 14/20 are mandatory. *See Watson v. Legacy Healthcare Fin. Servs., LLC*, 2021 IL App (1st) 210279, n.4 (explaining that BIPA's liquidated damages "are discretionary not mandatory"). Amazon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22.

23.     BIPA is an informed consent statute that achieves its goal by making it unlawful for a company to, among other things, collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

   a.     Informs the subject in writing that a biometric identifier or biometric information is being collected, obtained, stored, and used;

   b.     Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, obtained, stored, and used; and

   c.     Receives a written release executed by the subject of the biometric identifier or biometric information.

*See* 740 ILCS § 14/15(b).

**ANSWER:** Amazon admits that 740 ILCS § 14/15(b) states that "[n]o private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative." Amazon denies the remaining allegations in Paragraph 23.

24.     Biometric identifiers include facial scans, retina and iris scans, voiceprints, scans of hands, and fingerprints. *See* 740 ILCS § 14/10. Biometric information is defined separately to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.*

**ANSWER:** Amazon admits that, subject to exceptions and exclusions, BIPA defines "[b]iometric identifier" to mean "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS § 14/10. Amazon admits that, subject to exceptions and exclusions, BIPA defines "[b]iometric information" to mean "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.* Amazon denies the remaining allegations in Paragraph 24.

25.     BIPA establishes standards for how companies must handle biometric identifiers and biometric information. *See, e.g.*, 740 ILCS § 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for such disclosure. *See* 740 ILCS § 14/15(d)(1).

**ANSWER:** Amazon admits that 740 ILCS § 14/15(c) states that "[n]o private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." Amazon admits that 740 ILCS § 14/15(d)(1) states that "[n]o private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's

or a customer's biometric identifier or biometric information unless . . . the subject of the

biometric identifier or biometric information or the subject's legally authorized representative

consents to the disclosure or redisclosure." Amazon denies the remaining allegations in

Paragraph 25.

26.     BIPA also prohibits selling, leasing, trading, or otherwise profiting from a
person's biometric identifiers or biometric information, 740 ILCS § 14/15(c), and requires
companies to develop and comply with a written policy—made available to the public—
establishing a retention schedule and guidelines for permanently destroying biometric identifiers
and biometric information when the initial purpose for collecting such identifiers or information
has been satisfied, or within three years of the individual's last interaction with the company,
whichever occurs first. 740 ILCS § 14/15(a).

**ANSWER:**  Amazon admits that 740 ILCS § 14/15(c) states that "[n]o private entity in

possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise

profit from a person's or a customer's biometric identifier or biometric information." Amazon

denies that Plaintiff has alleged (or could allege) that Amazon has violated 740 ILCS § 14/15(c).

Amazon admits that 740 ILCS § 14/15(a) states that "[a] private entity in possession of biometric

identifiers or biometric information must develop a written policy, made available to the public,

establishing a retention schedule and guidelines for permanently destroying biometric identifiers

and biometric information when the initial purpose for collecting or obtaining such identifiers or

information has been satisfied or within 3 years of the individual's last interaction with the

private entity, whichever occurs first." Amazon denies the remaining allegations in

Paragraph 26.

27.     The Illinois legislature enacted BIPA due to the increasing use of biometric data
in financial and security settings, the general public's hesitation to use biometric information,
and—significantly—the unknown ramifications of biometric technology. Biometrics are
biologically unique to the individual and, once compromised, an individual is at a heightened
risk for identity theft and left without any recourse.

**ANSWER:**  Amazon admits that 740 ILCS § 14/5(a) states that the "use of biometrics is

growing in the business and security screening sectors and appears to promise streamlined

financial transactions and security screenings." Amazon admits that 740 ILCS § 14/5(b) states

that "[m]ajor national corporations have selected the City of Chicago and other locations in this

State as pilot testing sites for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." Amazon admits that 740 ILCS § 14/5(c) states that "[b]iometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." Amazon admits that 740 ILCS § 14/5(d) states that "[a]n overwhelming majority of members of the public are weary of the use of biometrics when such information is tied to finances and other personal information." Amazon admits that 740 ILCS § 14/5(e) states that "[d]espite limited State law regulating the collection, use, safeguarding, and storage of biometrics, many members of the public are deterred from partaking in biometric identifier-facilitated transactions." Amazon admits that 740 ILCS § 14/5(f) states that "the full ramifications of biometric technology are not fully known." Amazon admits that 740 ILCS § 14/5(g) states that "[t]he public welfare, security, and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." Amazon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27.

28. BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics as well as protecting their rights to know the precise nature for which their biometrics are used and how they are being stored and ultimately destroyed. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics and creates a private right of action for lack of statutory compliance.

**ANSWER:** Amazon admits that BIPA includes a private right of action. Amazon admits that BIPA imposes legal obligations for private entities that collect and possess biometric identifiers and biometric information. Amazon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28.

29. Plaintiff, like the Illinois legislature, recognizes how imperative it is to keep biometric information secure. Biometric information, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

## II. Amazon Violates the Biometric Information Privacy Act.

30.     By the time BIPA passed through the Illinois legislature in mid-2008, most companies who had experimented with using individuals' biometric data in Illinois stopped doing so.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

31.     However, Defendant failed to take note of the shift in Illinois law governing the collection, use, storage, and dissemination of biometric data. As a result, Defendant continues to collect, store, use, and disseminate their employees' biometric data in violation of BIPA.

**ANSWER:** Amazon denies the allegations in Paragraph 31.

32.     In 2019, Amazon faced a similar lawsuit alleging that Amazon's "Alexa" devices retained minor users' voice prints and information without proper consent in violation of BIPA. There, Amazon was accused by guardians of minors of unlawful collection, use, storage and disclosure of minor users' biometric data through the use of its "Alexa" devices and voice printing system.

**ANSWER:** Amazon admits that, in 2019, a lawsuit was filed against it by certain individuals, including one who filed as next friend of an individual alleged to be a minor, bringing claims under 740 ILCS §§ 14/15(a) and 14/15(b) related to Alexa devices. Amazon denies the remaining allegations in Paragraph 32.

33.     Yet, despite these prior accusations and Defendant's knowledge of BIPA, here, when employees arrive at the Amazon facility and/or warehouse, their facial identifiers and geometry are scanned, tracked, and uploaded.

**ANSWER:** Amazon denies the allegations in Paragraph 33.

34.     Defendant fails to inform its employees that it is collecting, obtaining or storing biometric data; fails to inform employees of the specific purposes and duration for which it collects and obtains their sensitive biometric data; fails to obtain written releases from employees before collecting or obtaining their sensitive biometric data; and fails to inform employees that it discloses their sensitive biometric data to other Amazon entities, to the third-party biometric device and software vendor(s), and to other, currently unknown, third parties, which, *inter alia*, host and/or analyze the biometric data.

**ANSWER**: Amazon denies that it collected, obtained, possessed, stored, used, disclosed, or disseminated employees' biometric data, and on that basis denies the allegations in Paragraph 34.

35.     Defendant also fails to establish a written, publicly available policy identifying its retention schedule and guidelines for permanently destroying employees' biometric data when the initial purpose for collecting or obtaining their biometrics has been satisfied or within three years of the individual's last interaction with the Defendant, whichever occurs first, as required by BIPA.

**ANSWER**: Amazon denies that it collected, obtained, possessed, stored, used, disclosed, or disseminated employees' biometric data, and on that basis denies the allegations in Paragraph 35.

36.     The Pay by Touch bankruptcy that catalyzed the passage of BIPA, as well as the recent data breaches, highlights why such conduct—where individuals are aware they are providing a biometric identifier, but not aware of to whom or for what purposes they are doing so—is dangerous. That bankruptcy spurred Illinois citizens and legislators into realizing how crucial it is for individuals to understand when providing biometric identifiers, such as facial scans, who exactly is collecting their biometric data, where the biometric data will be transmitted and for what purposes, and how long the biometric data will be retained. Defendant disregards these obligations and employees' statutory rights and instead unlawfully collects, stores, uses, and disseminates employees' biometric identifiers and information, all without receiving the informed written consent required by the BIPA.

**ANSWER**: Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Pay by Touch and alleged data breaches involving third parties. Amazon denies the remaining allegations in Paragraph 36.

37.     Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and the putative Class's biometric data and has not and will not destroy Plaintiff's and the putative Class's biometric data as required by BIPA.

**ANSWER**: Amazon denies that it collected, obtained, possessed, stored, used, disclosed, or disseminated Plaintiff's and the putative class's biometric data, and on that basis denies the allegations in Paragraph 37.

38.     Defendant fails to inform its workers what will happen to their biometric data in the event Amazon merges with another company or ceases operations, or what will happen in the event the third parties that receive, store, and/or manage Plaintiff's and the putative Class's biometric data from Amazon cease operations.

**ANSWER**:  Amazon denies that it collected, obtained, possessed, stored, used, disclosed, or disseminated Plaintiff's and the putative class's biometric data, and on that basis denies the allegations in Paragraph 38.

39.    These violations of BIPA raise a material risk that Plaintiff's and the putative Class's biometric data will be unlawfully accessed by third parties.

**ANSWER**:  Amazon denies that it collected, obtained, possessed, stored, used, disclosed, or disseminated Plaintiff's and the putative class's biometric data, and on that basis denies the allegations in Paragraph 39.

40.    By and through the actions detailed above, Amazon disregards Plaintiff's and the putative Class's legal rights in violation of BIPA.

**ANSWER**:  Amazon denies the allegations in Paragraph 40.

41.    Amazon knew, including through their involvement in previous BIPA litigation, that the aforementioned actions were in direct violation of BIPA, yet they implemented and continued their practice of violating Plaintiff's and the putative Class's legal rights without regard to the law.

**ANSWER**:  Amazon denies the allegations in Paragraph 41.

**III.    Plaintiff's Experience**

42.    Plaintiff began working for Amazon at one of its fulfillment warehouses located in Monee, Illinois, in approximately October of 2020.

**ANSWER**:  Amazon admits the allegations in Paragraph 42.

43.    The facial recognition devices were utilized to scan employees' facial geometry and take their temperature prior to entering the facility for work.

**ANSWER**:  Amazon admits that it measured certain employees' surface body temperatures prior to their entering certain Amazon facilities. Amazon denies the remaining allegations in Paragraph 43.

44.    Amazon collected, captured, or otherwise obtained Plaintiff's biometric data, including facial geometry scans and other biometric identifiers, through use of these temperature face scanner cameras and software.

**ANSWER**:  Amazon denies the allegations in Paragraph 44.

45.     Amazon disclosed Plaintiff's sensitive biometric data to other entities, third-party biometric device and software vendor(s), and to other, currently unknown, third parties, which, inter alia, host and/or analyze the biometric data.

**ANSWER:**  Amazon denies the allegations in Paragraph 45.

46.     Amazon never (1) informed Plaintiff in writing or otherwise that it was collecting, obtaining or storing their biometric data or of the specific purpose(s) and length of time for which her biometric data was being collected; (2) received a written release from Plaintiff to collect, obtain, store, or use her biometric data; developed or adhered to a publicly available retention schedule and guidelines for permanently destroying Plaintiff's biometric data; or obtained Plaintiff's consent for any disclosure or dissemination of her biometric data to third parties.

**ANSWER:**  Amazon denies that it collected, obtained, possessed, stored, used, disclosed, or disseminated Plaintiff's and the putative class's biometric data, and on that basis denies the allegations in Paragraph 46.

47.     Plaintiff has never been informed of the specific limited purposes or length of time for which Amazon collects, captures, obtains, stores, uses, and/or disseminates her biometric data.

**ANSWER:**  Amazon denies that it collected, obtained, possessed, stored, used, disclosed, or disseminated Plaintiff's and the putative class's biometric data, and on that basis denies the allegations in Paragraph 47.

48.     Plaintiff has never seen, been made aware of, or been able to find, view, or access a publicly available biometric data retention policy developed by Defendant, nor has she ever seen, been made aware of, or been able to find, view, or access any policies regarding whether Defendant will ever permanently delete her biometric data.

**ANSWER:**  Amazon denies that it collected, obtained, possessed, stored, used, disclosed, or disseminated Plaintiff's and the putative class's biometric data, and on that basis denies the allegations in Paragraph 48.

49.     No retention schedules or destruction guidelines relating to biometric data were in Plaintiff's onboarding materials when she began working for Amazon.

**ANSWER:**  Amazon denies that it collected, obtained, possessed, stored, used, disclosed, or disseminated Plaintiff's and the putative class's biometric data, and on that basis denies the allegations in Paragraph 49.

50.     No retention schedules or destruction guidelines relating to biometric data are available to Plaintiff on a company intranet.

**ANSWER:**  Amazon denies that it collected, obtained, possessed, stored, used, disclosed, or disseminated Plaintiff's and the putative class's biometric data, and on that basis denies the allegations in Paragraph 50.

51.     No retention schedules or destruction guidelines relating to biometric data are posted on the premises.

**ANSWER:** Amazon denies that it collected, obtained, possessed, stored, used, disclosed, or disseminated Plaintiff's and the putative class's biometric data, and on that basis denies the allegations in Paragraph 51.

52.     No employees at Amazon's warehouse ever informed Plaintiff of, or provided Plaintiff with, any retention schedules or destruction guidelines relating to biometric data obtainment.

**ANSWER:**  Amazon denies that it collected, obtained, possessed, stored, used, disclosed, or disseminated Plaintiff's and the putative class's biometric data, and on that basis denies the allegations in Paragraph 52.

53.     Plaintiff has not been provided with nor ever signed a written release allowing Amazon to collect, capture, obtain, store, use, or disseminate her biometric data.

**ANSWER:**  Amazon denies that it collected, obtained, possessed, stored, used, disclosed, or disseminated Plaintiff's and the putative class's biometric data, and on that basis denies the allegations in Paragraph 53.

54.     Plaintiff has been continuously and repeatedly exposed to the risks and harmful conditions created by Defendant's violations of BIPA alleged herein.

**ANSWER:**  Amazon denies the allegations in Paragraph 54.

55.     No amount of time or money can compensate Plaintiff if her biometric data has been compromised by the intentional, reckless, and/or negligent procedures through which Amazon captures, stores, uses, and disseminates his [*sic*] and the putative Class's biometric data. Moreover, Plaintiff would not have provided her biometric data to Defendant if she had known Defendant would retain such information for an indefinite period of time without her consent.

**ANSWER:** Amazon denies that it collected, obtained, possessed, stored, used, disclosed, or disseminated Plaintiff's and the putative class's biometric data, and on that basis denies the allegations in Paragraph 55.

56.     A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach v. Six Flags Entm't Corp*., 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act").

**ANSWER:**  Amazon admits that the *Rosenbach v. Six Flags Entertainment Corp.* decision states that "an individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an 'aggrieved' person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act." 129 N.E.3d 1197, 1207 (2019). Amazon denies the remaining allegations in Paragraph 56.

57.     As Plaintiff is not required to allege or prove actual damages in order to state a claim under BIPA, she seeks statutory damages under BIPA as compensation for the injuries caused by Defendant. *Rosenbach*, 2019 IL 123186, ¶ 40.

**ANSWER:**  Amazon admits that Plaintiff seeks liquidated damages (i.e., "statutory damages") and does not seek actual damages under BIPA. Amazon admits that the *Rosenbach v. Six Flags Entertainment Corp.* decision states that "an individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an 'aggrieved' person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act." 129 N.E.3d 1197, 1207 (2019). Amazon denies that Plaintiff is entitled to any relief whatsoever and denies the remaining allegations in Paragraph 57.

## CLASS ALLEGATIONS

58.     Pursuant to the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, Plaintiff brings claims on her own behalf and as a representative of all other similarly situated individuals pursuant to BIPA, 740 ILCS § 14/1, *et seq*., to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed for the violations described herein.

**ANSWER:** Amazon admits that Plaintiff attempts to bring this action individually and on behalf of a putative class. Amazon denies that the Illinois Code of Civil Procedure, 735 ILCS

§ 5/2-801, governs whether class certification is appropriate in this action. Amazon denies that class certification is appropriate. Amazon denies that Plaintiff and the putative class can recover any relief whatsoever. Amazon denies the remaining allegations in Paragraph 58.

59.     Under the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, Plaintiff seeks certification of the following Class:

> All employees who entered Defendant's locations in the State of Illinois who had their facial geometry scans, biometric identifiers, and/or biometric information collected, captured, received, or otherwise obtained, maintained, stored, disclosed, or disseminated by Amazon during the applicable statutory period.

**ANSWER:**  Amazon admits that Plaintiff attempts to bring this action on behalf of a putative class, as defined in Paragraph 59. Amazon denies that the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, governs whether class certification is appropriate in this action. Amazon denies that class certification is appropriate. Amazon denies the remaining allegations in Paragraph 59.

60.     Excluded from the Class are Defendant's officers and directors, and any judge, justice, or judicial officials presiding over this matter and their immediate families.

**ANSWER:**  Amazon admits that Plaintiff excludes from her putative class definition the people listed in Paragraph 60.

61.     This action is properly maintained as a class action under 735 ILCS § 5/2-801 because:

A.     The Class is so numerous that joinder of all members is impracticable;

B.     There are questions of law or fact that are common to the Class;

C.     Plaintiff's claims are typical of the claims of the Class; and,

D.     Plaintiff will fairly and adequately protect the interests of the Class.

**ANSWER:**  Amazon denies the allegations in Paragraph 61.

## Numerosity

62.     There are at least many thousands of putative Class members. The exact number of Class members can easily be determined from Defendant's records.

**ANSWER:**  Amazon denies the allegations in Paragraph 62.

## **Commonality**

63.     There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiff and all members of the Class have been harmed by Defendant's failure to comply with BIPA. The common questions of law and fact include, but are not limited to the following:

A.     Whether Defendant collected, captured, received, or otherwise obtained, maintained, stored, or disclosed or disseminated Plaintiff's and the Class's biometric identifiers or biometric information;

B.     Whether Defendant informed Plaintiff and the Class that it was collecting or storing their biometric identifiers and biometric information;

C.     Whether Defendant properly informed Plaintiff and the Class of the specific purpose and duration for which Defendant was collecting, using, storing, and disseminating their biometric identifiers or biometric information;

D.     Whether Defendant properly obtained a written release (as defined in 740 ILCS § 14/10) to collect, use, store, and disseminate Plaintiff's and the Class's biometric identifiers or biometric information;

E.     Whether Defendant has disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class's biometric identifiers or biometric information;

F.     Whether Defendant has sold, leased, traded, or otherwise profited from Plaintiff's and the Class's biometric identifiers or biometric information;

G.     Whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of its last interaction with the individual, whichever occurs first;

H.     Whether Defendant complied with any such written policy (if one exists);

I.     Whether Defendant's violations of BIPA have raised a material risk that Plaintiff's and the putative Class's biometric data will be unlawfully accessed by third parties;

J.     Whether Defendant used Plaintiff's and the Class's biometric identifiers, including scans of their facial geometry, to identify them;

K.     Whether the violations of BIPA were committed negligently; and

L.     Whether the violations of BIPA were committed intentionally or recklessly.

**ANSWER:**  Amazon denies the allegations in Paragraph 63.

64.     Plaintiff anticipates Defendant will raise defenses that are common to Plaintiff and the Class.

**ANSWER**: Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64.

### Adequacy

65. Plaintiff will fairly and adequately protect the interests of all members of the Class, and there are no known conflicts of interest between Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience serving as class counsel.

**ANSWER**: Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65.

### Typicality

66. The claims asserted by Plaintiff are typical of the Class members she seeks to represent. Plaintiff has the same interests and suffers from the same unlawful practices as the Class.

**ANSWER**: Amazon denies the allegations in Paragraph 66.

67. Upon information and belief, there are no other Class members who have an interest in individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim. However, if any such Class member should become known, s/he can "opt out" of this action pursuant to 735 ILCS § 5/2-801.

**ANSWER**: Amazon denies the allegations in Paragraph 67.

### Predominance and Superiority

68. The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

**ANSWER**: Amazon denies the allegations in Paragraph 68.

69. Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests. The issues

19

in this Action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this Action as a class action.

**ANSWER:** Amazon denies the allegations in Paragraph 69.

### FIRST CAUSE OF ACTION
**Violation of 740 ILCS § 14/15(a): Failure to Institute, Maintain, and Adhere to Publicly Available Retention Schedule and Destruction Guidelines**

70.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:** Amazon incorporates its answers to the foregoing allegations as if fully set forth herein.

71.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention—and, importantly, deletion—policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent destruction of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually destroy the biometric information. *See* 740 ILCS § 14/15(a).

**ANSWER:** Amazon admits that 740 ILCS § 14/15(a) states that "[a] private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." Amazon denies the remaining allegations in Paragraph 71.

72.     Defendant fails to comply with these BIPA mandates.

**ANSWER:** Amazon denies the allegations in Paragraph 72.

73.     Defendant Amazon.com, Inc. is a Delaware corporation that is registered to do business in Illinois, and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

**ANSWER:** Amazon admits that Amazon.com, Inc., is a Delaware corporation and that Amazon.com Services LLC is registered to do business in Illinois. Amazon admits that it qualifies as a "private entity" under BIPA. Amazon denies the remaining allegations in Paragraph 73.

74. Plaintiff and the putative Class are individuals who have had their "biometric identifiers" and "biometric information" collected by Defendant, as explained in detail in Sections II and III, supra. *See* 740 ILCS § 14/10.

**ANSWER:** Amazon denies the allegations in Paragraph 74.

75. Defendant failed to publish a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 14/15(a).

**ANSWER:** Amazon denies that it collected, obtained, possessed, stored, used, disclosed, or disseminated Plaintiff's and the putative class's biometric data, and on that basis denies the allegations in Paragraph 75.

76. Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data and has not and will not destroy Plaintiff's or the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the Plaintiff's and Class members' last interaction with Defendant, whichever occurs first.

**ANSWER:** Amazon denies that it collected, obtained, possessed, stored, used, disclosed, or disseminated Plaintiff's and the putative class's biometric data, and on that basis denies the allegations in Paragraph 76.

77. On behalf of herself and the putative Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

**ANSWER:** Amazon admits that Plaintiff seeks the stated forms of relief on behalf of herself and the putative class. Amazon denies that Plaintiff and the putative class are entitled to any relief whatsoever. Amazon denies the remaining allegations in Paragraph 77.

**SECOND CAUSE OF ACTION**

**Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Collecting or Obtaining Biometric Identifiers or Information**

78.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:**  Amazon incorporates its answers to the foregoing allegations as if fully set forth herein.

79.     BIPA requires companies to obtain informed written consent from individuals before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information." 740 ILCS § 14/15(b).

**ANSWER:**  Amazon admits that 740 ILCS § 14/15(b) states that "[n]o private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative." Amazon denies the remaining allegations in Paragraph 79.

80.     Defendant failed to comply with these BIPA mandates.

**ANSWER:**  Amazon denies the allegations in Paragraph 80.

81.     Defendant Amazon.com, Inc. is a Delaware corporation that is registered to do business in Illinois, and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

**ANSWER**: Amazon admits that Amazon.com, Inc., is a Delaware corporation and that Amazon.com Services LLC is registered to do business in Illinois. Amazon admits that it qualifies as a "private entity" under BIPA. Amazon denies the remaining allegations in Paragraph 81.

82.     Plaintiff and the putative Class are individuals who have had their "biometric identifiers" and "biometric information" collected by Defendant, as explained in detail in Sections II and III, supra. *See* 740 ILCS § 14/10.

**ANSWER**: Amazon denies the allegations in Paragraph 82.

83.     Defendant systematically and automatically collected, captured, or otherwise obtained Plaintiff's and the putative Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS § 14/15(b)(3).

**ANSWER**: Amazon denies the allegations in Paragraph 83.

84.     Defendant never informed Plaintiff and the putative Class in writing that their biometric identifiers and/or biometric information were being collected, captured, or otherwise obtained, nor did Defendant ever inform Plaintiff and the putative Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used, and disseminated as required by 740 ILCS § 14/15(b)(1)-(2).

**ANSWER**: Amazon denies that it collected, obtained, possessed, stored, used, disclosed, or disseminated Plaintiff's and the putative class's biometric data, and on that basis denies the allegations in paragraph 84.

85.     By collecting, capturing, or otherwise obtaining Plaintiff's and the putative Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, et seq.

**ANSWER**: Amazon denies the allegations in Paragraph 85.

86.     On behalf of herself and the putative Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

**ANSWER:** Amazon admits that Plaintiff seeks the stated forms of relief on behalf of herself and the putative class. Amazon denies that Plaintiff and the putative class are entitled to any relief whatsoever. Amazon denies the remaining allegations in Paragraph 86.

**THIRD CAUSE OF ACTION**
**Violation of 740 ILCS § 14/15(d): Disclosure or Dissemination of Biometric Identifiers and Information Before Obtaining Consent**

87.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:** Amazon incorporates its answers to the foregoing allegations as if fully set forth herein.

88.     BIPA prohibits private entities from disclosing or disseminating a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS § 14/15(d)(1).

**ANSWER:** Amazon admits that 740 ILCS § 14/15(d)(1) states that "[n]o private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless . . . the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure." Amazon denies the remaining allegations in Paragraph 88.

89.     Defendant fails to comply with this BIPA mandate.

**ANSWER:** Amazon denies the allegations in Paragraph 89.

90.     Defendant Amazon.com, Inc. is a Delaware corporation that is registered to do business in Illinois, and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

**ANSWER:** Amazon admits that Amazon.com, Inc., is a Delaware corporation and that Amazon.com Services LLC is registered to do business in Illinois. Amazon admits that it qualifies as a "private entity" under BIPA. Amazon denies the remaining allegations in Paragraph 90.

91.     Plaintiff and the putative Class are individuals who have had their "biometric identifiers" and "biometric information" collected by Defendant, as explained in detail in Sections II and III, supra. *See* 740 ILCS § 14/10.

**ANSWER:**  Amazon denies the allegations in Paragraph 91.

92.     Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the consent required by 740 ILCS § 14/15(d)(1).

**ANSWER:**  Amazon denies the allegations in Paragraph 92.

93.     By disclosing, redisclosing, or otherwise disseminating Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq*.

**ANSWER:**  Amazon denies the allegations in Paragraph 93.

94.     On behalf of herself and the putative Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, use, and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

**ANSWER:**  Amazon admits that Plaintiff seeks the stated forms of relief on behalf of herself and the putative class. Amazon denies that Plaintiff and the putative class are entitled to any relief whatsoever. Amazon denies the remaining allegations in Paragraph 94.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter an Order:

A.  Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Cynthia Redd as Class Representative, and appointing Stephan Zouras, LLP as Class Counsel;

B.  Declaring that Defendant's actions, as set forth above, violate BIPA;

C.  Awarding statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1);

D.  Declaring that Defendant's actions, as set forth above, were intentional and/or reckless or, in the alternative, were negligent;

E. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an Order requiring Defendant to collect, store, use, and disseminate biometric identifiers and/or biometric information in compliance with BIPA and to delete and destroy any biometric identifiers and information previously collected from Class members;

F. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3);

G. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and,

H. Awarding such other and further relief as equity and justice may require.

**ANSWER:** Answering the prayer for relief, Amazon denies that Plaintiff and the putative class members are entitled to any relief whatsoever.

## AMAZON'S AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Amazon further responds to Plaintiff's Second Amended Class Action Complaint by alleging the following affirmative defenses.

### First Affirmative Defense
### (PREP Act)

The claims are barred in whole or in part by the Public Readiness and Emergency Preparedness ("PREP") Act, 42 U.S.C. § 247d-6d. The PREP Act provides that a "covered person" is "immune from suit and liability under Federal and State law" for "all claims for loss caused by, arising out of, relating to, or resulting from the administration to or use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(1). In the midst of the COVID-19 pandemic, and consistent with public health guidelines and directives, Amazon used thermal cameras to measure the surface body temperatures of some of its employees in Illinois. Upon information and belief, the thermal cameras, which are intended to be used to mitigate and prevent disease, are approved or otherwise authorized for use by the Food and Drug Administration. Accordingly, Amazon is a "covered person" that administered or used a "covered countermeasure" to mitigate the effects of COVID-19 and SARS-CoV-2. Amazon is therefore entitled to PREP Act immunity, or in the alternative the PREP Act preempts the

26

application of BIPA in this action, *see* 42 U.S.C. § 247d-6d(8), and Plaintiff and the putative
class members' claims fail.

### Second Affirmative Defense
### (No Biometric Identifiers or Biometric Information)

The claims are barred in whole or in part because the information Amazon allegedly
collected, possessed, and disclosed does not constitute a "biometric identifier" or "biometric
information" as defined by BIPA. Under BIPA, a "biometric identifier" means "a retina or iris
scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS § 14/10. Amazon did
not collect, possess, or disclose any of those data elements, including but not limited to "scan[s]
of . . . face geometry." And because Amazon did not collect, possess, or disclose any biometric
identifiers, it did not collect, possess, or disclose biometric information, which is defined to mean
"any information, regardless of how it is captured, converted, stored, or shared, *based on an
individual's biometric identifier* used to identify an individual." *Id*. (emphasis added). Therefore,
Plaintiff and the putative class members' claims fail.

### Third Affirmative Defense
### (No Identification)

The claims are barred in whole or in part because the information Amazon allegedly
collected, possessed, and disclosed does not constitute a "biometric identifier" or "biometric
information" as defined by BIPA. Under the plain language of BIPA, a data element may be a
"biometric identifier" or "biometric information" only if it is used to identify a specific
individual. *See, e.g.*, *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017)
(explaining that "biometric identifier" means a "biology-based set of measurements ('biometric')
that can be used to identify a person ('identifier')"); 740 ILCS § 14/10 (defining "biometric
information" to mean "any information, regardless of how it is captured, converted, stored, or
shared, based on an individual's biometric identifier *used to identify an individual*") (emphasis
added). Here, Amazon did not collect, possess, or disclose any information used to identify any
specific individuals, including Plaintiff. Therefore, Plaintiff and the putative class members'
claims fail.

**Fourth Affirmative Defense**
**(No Collection or Possession)**

The claims are barred in whole or in part because, even assuming that Amazon's wellness check procedures generated or involved "biometric identifiers" or "biometric information," as defined by BIPA (which Amazon denies), Amazon did not store or retain, on its systems or otherwise, any such information. Therefore, Amazon did not "collect, capture, purchase, receive through trade, or otherwise obtain" any information covered by BIPA; come into "possession" of any information covered by BIPA; or "disclose, redisclose, or otherwise disseminate" any information covered by BIPA. 740 ILCS § 14/15(a), (b), (d). Therefore, Plaintiff and the putative class members' claims fail.

**Fifth Affirmative Defense**
**(Section 15(a) Claim Is Not Ripe)**

Section 15(a) provides that a "private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 740 ILCS § 14/15(a). Here, Plaintiff remains employed by Amazon. Thus, even assuming that Amazon collected or possessed Plaintiff's biometric identifiers or biometric information (which Amazon denies), Plaintiff cannot show that Amazon failed to destroy her biometric identifiers or biometric information when the initial purpose for collecting or obtaining that data was satisfied or within three years of Plaintiff's last interaction with Amazon. In other words, Plaintiff cannot show that any obligation to destroy data under Section 15(a) has been triggered, and her Section 15(a) claim is unripe. *See, e.g.*, *Bryant v. Compass Group USA, Inc.*, 503 F. Supp. 3d 597, 600 (N.D. Ill. 2020) (dismissing "unripe" Section 15(a) claim where plaintiff failed to allege that initial

purpose for collecting biometric data was satisfied). Therefore, Plaintiff and the putative class members' claims under Section 15(a) fail.

### Sixth Affirmative Defense
### (Special Legislation)

BIPA violates the Illinois constitution because it is "special legislation." *See* Ill. Const., art. IV, § 13 (prohibiting a "special or local law when a general law is or can be made applicable"). For example, BIPA exempts contractors, subcontractors, and agents of state and local governments, as well as "financial institutions" or "affiliate[s] of a financial institution." 740 ILCS § 14/25(c), (e). It also effectively exempts healthcare providers who collect information "in a health care setting." 740 ILCS § 14/10. But the Illinois legislature is prohibited from designing a law "that discriminates in favor of a select group in an arbitrary manner." *Big Sky Excavating, Inc. v. Illinois Bell Tel. Co.*, 217 Ill. 2d 221, 235 (2005). The BIPA exemptions are arbitrary, and therefore the statute is unconstitutional special legislation.

### Seventh Affirmative Defense
### (First Amendment)

The claims are barred in whole or in part by the First Amendment of the United States Constitution. BIPA violates the First Amendment by unconstitutionally prohibiting Amazon from collecting, creating, and sharing information. BIPA is a content-based restriction on speech because it explicitly places restrictions on the collection or creation of some categories of personal information ("biometric identifiers" and "biometric information") that give rise to expression, but not others (e.g., writing samples, photographs, tattoo descriptions). 740 ILCS § 14/10. BIPA is a speaker-based restriction on speech because it burdens the speech of private entities but exempts other types of entities, such as the government and its contractors. *See, e.g.*, 740 ILCS § 14/25. BIPA fails strict scrutiny because it is not narrowly tailored to serve a compelling government interest. BIPA also fails intermediate scrutiny because it burdens the collection and analysis of information without a sufficiently important governmental interest.

**Eighth Affirmative Defense**
**(Due Process)**

The claims for damages are barred in whole or in part by the Due Process Clause of the United States Constitution. Plaintiff alleges that she and the individuals she seeks to represent are each entitled to recover a minimum of $1,000 (and up to $5,000) in statutory damages for each alleged violation of BIPA. Plaintiff further alleges that there are "at least many thousands of putative Class members." Upon information and belief, Plaintiff and the individuals she seeks to represent have not suffered any injury or damage due to Amazon's alleged conduct. The disparity between the lack of injury to Plaintiff and the individuals she seeks to represent, on one hand, and the potentially exorbitant statutory damages available under BIPA, on the other hand, is so grossly excessive and disproportionate as to constitute a violation of Amazon's due process rights.

**Ninth Affirmative Defense**
**(Vagueness)**

The claims are barred in whole or in part because BIPA, including but not limited to the statute's definitions of "biometric identifiers" and "biometric information," are vague in violation of the United States Constitution and the Illinois constitution.

**Tenth Affirmative Defense**
**(Discretionary Damages)**

The claims for damages are barred in whole or in part because BIPA's liquidated damages provisions are discretionary, rather than mandatory, and Plaintiff's allegations provide no basis for the award of liquidated damages. Upon information and belief, Plaintiff and the individuals she seeks to represent have not suffered any injury or damage due to Amazon's alleged conduct, and awarding liquidated damages under such circumstances would be inappropriate and unjust.

**Eleventh Affirmative Defense**
**(Good Faith)**

The claims are barred in whole or in part by Amazon's good faith, and its absence of negligent, intentional, or reckless conduct. To the extent that BIPA applies to Amazon's conduct as alleged in the Second Amended Class Action Complaint, Amazon is not liable because it

relied in good faith upon a reasonable interpretation of BIPA's statutory language and any alleged violation was not negligent, intentional, or reckless.

### Twelfth Affirmative Defense
### (Consent)

The claims are barred in whole or in part because Plaintiff and the individuals she seeks to represent, or individuals with authority to act on their behalf, consented to the conduct alleged to violate BIPA. Upon information and belief, Plaintiff and the individuals she seeks to represent consented to the conduct alleged to violate BIPA by continuing to undergo Amazon's wellness checks after learning of the conduct alleged to violate BIPA.

### Thirteenth Affirmative Defense
### (Assumption of Risk)

The claims are barred in whole or in part because Plaintiff and the individuals she seeks to represent approved and participated in the conduct of which they now complain, specifically by participating in Amazon's wellness checks and surface body temperature scans. Accordingly, Plaintiff and the putative class implicitly consented to encounter an inherent and known risk.

### Fourteenth Affirmative Defense
### (Estoppel and Waiver)

The claims are barred in whole or in part by the doctrines of estoppel and/or waiver. Upon information and belief, Plaintiff and the individuals she seeks to represent approved and, in some cases, participated in the conduct of which they now complain, specifically by participating in Amazon's wellness checks. As a result, they are barred from bringing their claims under the doctrines of estoppel and/or waiver.

### Fifteenth Affirmative Defense
### (Not Aggrieved)

The claims are barred in whole or in part because Plaintiff and the putative class members are not "aggrieved" within the meaning of 740 ILCS § 14/20. Upon information and belief, Plaintiff and the putative class members have not suffered any actual injuries, injuries in fact, or any other injuries or harms to their distinct and personal legal interests. Accordingly, they are not "aggrieved" within the meaning of BIPA and may not seek relief under the statute.

### Sixteenth Affirmative Defense
### (Substantial Compliance)

The claims are barred in whole or in part because, to the extent that BIPA applies to Amazon's alleged conduct (it does not), Amazon substantially complied with the requirements of BIPA. "Substantial compliance can satisfy even a mandatory provision." *Jakstas v. Koske*, 352 Ill. App. 3d 861, 864 (2004). The purposes motivating BIPA's collection, use, and retention requirements are not implicated by Amazon's surface body temperature checks, and Amazon otherwise substantially complied with these requirements. Upon information and belief, Plaintiff and the putative class members have suffered and will suffer no prejudice arising out of any alleged lack of strict compliance. Plaintiffs and the putative class members accordingly are precluded from recovery.

### Seventeenth Affirmative Defense
### (Adequate Remedy at Law)

Plaintiff's claims for injunctive and equitable relief fail because Plaintiff has an adequate remedy at law.

### Eighteenth Affirmative Defense
### (Injunctive Relief Inappropriate)

Plaintiff's claims for injunctive and equitable relief fail because Amazon is no longer measuring employees' surface body temperatures in Illinois.

## RESERVATION OF AFFIRMATIVE DEFENSES

Amazon currently has insufficient knowledge or information upon which to form a belief whether it may have additional, unstated affirmative defenses. Amazon hereby reserves the right to plead any additional and further affirmative defenses.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Amazon prays for the following relief:

1.      That Plaintiff recover nothing by reason of the Second Amended Class Action Complaint, and that judgment be rendered in favor of Amazon;

2.      That Plaintiff be denied class certification;

3.     That Amazon be awarded its costs of suit incurred in defense of this action,

including reasonable attorneys' fees; and

4.     For other such relief as the Court deems proper.

## JURY DEMAND

Amazon demands a jury on all issues triable by jury.


Date: February 8, 2022

                                        AMAZON.COM, INC. AND
                                        AMAZON.COM SERVICES LLC F/K/A
                                        AMAZON.COM, LLC


                                        By:  */s/ Ryan Spear*
                                             Ryan Spear

                                        **PERKINS COIE LLP**
                                        Susan D. Fahringer
                                        SFahringer@perkinscoie.com
                                        Ryan Spear
                                        RSpear@perkinscoie.com
                                        1201 Third Avenue, Suite 4900
                                        Seattle, WA  98101-3099
                                        Telephone: 206.359.8000
                                        Facsimile: 206.359.9000

                                        Debra R. Bernard
                                        DBernard@perkinscoie.com
                                        Kathleen A. Stetsko
                                        KStetsko@perkinscoie.com
                                        131 South Dearborn Street, Suite 1700
                                        Chicago, Illinois 60603-5559
                                        Telephone: 312.324.8400
                                        Facsimile: 312.324.9400