IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CYNTHIA REDD, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC. and AMAZON.COM LLC,<br><br>        Defendants. | No. 1:20-cv-06485<br><br>Honorable Mary M. Rowland |

## JOINT STATUS REPORT

Pursuant to the Court's February 23, 2022 Order (Dkt. 58), the parties jointly submit this status report. The parties have been unable to agree on a proposed case schedule. Accordingly, the table below sets forth the parties' respective proposals for a case schedule, including (1) expert discovery; (2) briefing on summary judgment; and (3) briefing on class certification.

| Deadline | Amazon's Proposal | Plaintiff's Proposal |
|---|---|---|
| Close of fact discovery | 5/6/2022 | 6/20/2022 |
| Primary expert disclosures | 5/27/2022 | 7/11/2022 |
| Deadline for primary expert discovery | 6/24/2022 | 8/8/2022 |
| Rebuttal expert disclosures | 7/22/2022 | 9/5/2022 |
| Deadline for rebuttal expert discovery | 8/19/2022 | 10/3/2022 |
| Deadline to move for summary judgment on individual claims | 9/23/2022 | N/A |
| Deadline to move for class certification | 30 days after Court rules on motion for summary judgment | 7/20/2022 |

| Deadline | Amazon's Proposal | Plaintiff's Proposal |
|---|---|---|
| Deadline to move for summary judgment on class claims | 30 days after Court rules on motion for class certification | 11/2/2022 |

I.     **Status of Discovery**

*Plaintiff's Position Statement on Status of Discovery.* Both Parties have exchanged substantive responses, objections and supplemental responses and objections to written discovery. Named Plaintiff, Cynthia Redd, was deposed on March 15, 2022. Deposition notices for two of Defendant's witnesses, who were identified in Defendant's initial disclosures, have been served three separate times since initially served by Plaintiff on September 7, 2021. For reasons the Court is aware, the depositions of Defendant's witnesses have been repeatedly canceled and/or postponed. Currently, one of Defendant's witnesses whom Plaintiff originally issued a deposition notice for, Lucas Power, is scheduled for deposition on April 21, 2022. Another of Defendant's witnesses whom Plaintiff also originally issued a deposition notice for, John Herendeen was scheduled for deposition on March 23, 2022. On March 18, 2022, Defendant's counsel informed Plaintiff's counsel that Mr. Herendeen, yet again, would not sit for his third re-scheduled deposition due to a death in the family, and offered dates in April to re-schedule his deposition for the fourth time. The parties have confirmed April 27, 2022 for Mr. Herendeen's fourth re-scheduled deposition. Furthermore, Defendant's most recent document production was on February 22, 2022. After a near-complete review of the entirety of Defendant's voluminous document production (*i.e.*, more than 17,000 documents), Plaintiff has identified additional fact witnesses as having knowledge of the allegations of Plaintiff's Complaint. Accordingly, Plaintiff intends to issue deposition notices to no more than five (5) of these witnesses by March 30, 2022.

Lastly, on March 22, 2022, Plaintiff's counsel informed Defendant's counsel of Plaintiff's intent to issue a discovery request, pursuant to Fed. R. Civ. Pro. 34, to conduct a site inspection of the cameras, devices and software at issue in this case and in Defendant's possession. In accordance with the meet and confer requirements and prior to issuing the formal request, on March 22, 2022, Plaintiff requested Defendant's availability for the site inspection, and Defendant has not yet responded with available dates and times.

Accordingly, due to the repeated postponement of Defendant's previously-noticed witness depositions, both of which Defendant has now delayed until the week before the close of fact discovery, as well as the recent identification of additional witnesses to be deposed, and the request for site inspection, Plaintiff respectfully requests a brief, 45-day extension of the fact discovery deadline, up to and including June 20, 2022, in order to complete these outstanding depositions of Defendant's witnesses and a site inspection. A brief extension of the discovery schedule will not prejudice any party, given the facts and legal issues involved in this case, and particularly considering Plaintiff first issued a 30(b)(6) deposition notice to Defendant on June 14, 2021, as well as multiple deposition notices to Defendant's other witnesses since that time, and to date, not one of Defendant's witnesses have been presented for any previously-scheduled deposition in this case.

*Amazon's Position Statement Regarding Plaintiff's Request for Extension of Fact Discovery Schedule.* Plaintiff's demand to extend the fact discovery deadline again is unjustified. Discovery has been open for well over a year and has never been stayed. Plaintiff has had Amazon's responses to written discovery for nearly one year, and has had Amazon's substantially completed document production, with supplemental interrogatory responses, for four months. (Amazon's document production was supplemented in February 2022 with a small production of

3

fewer than 50 documents consisting solely of Plaintiff's personnel file.) Nothing material has changed since Plaintiff told the Court two months ago that fact discovery could be completed by the then-deadline of February 28, 2022. *See* Dkt. 52 at 13. Nor has anything material changed since the February 23, 2022 status conference, when both parties represented to the Court that they expected to complete fact discovery by May 6, 2022.

Plaintiff insinuates that an extension is required because Amazon has sought to delay the depositions of its witnesses. That is incorrect. Since the last status conference, Amazon has offered various dates in both March and April for both Mr. Herendeen's and Mr. Power's depositions, who are the only two witnesses for whom Plaintiff has sought to schedule depositions. And due to the schedules of witnesses and counsel (including Plaintiff's counsel), those depositions were scheduled for the mutually agreeable dates of March 23 and April 21, respectively. Mr. Herendeen's deposition unfortunately had to be rescheduled due to an unforeseeable death in his family, and his bereavement leave precluded early confirmation of Plaintiff's selected date for Mr. Herendeen's rescheduled deposition. Amazon now can confirm that Mr. Herendeen is available for deposition on April 27. That date, which was selected *by Plaintiff* among many other options, is still well before the current discovery cut-off.

Amazon understands that Plaintiff now intends to request additional depositions. (Amazon has asked Plaintiff to identify the additional witnesses whom she intends to seek to depose, but Plaintiff has not yet responded to that question.) Amazon also understands that Plaintiff intends to serve a request for inspection, and Amazon is actively assessing how and when that inspection could be facilitated. But neither of those additional discovery requests, which Plaintiff raised *for the first time this week*, is a basis for yet another blanket extension of the fact discovery deadline. Plaintiff easily could have identified the additional witnesses she now seeks to depose, and served

4

her inspection request, at any time during the last four months. It is unclear why she did not. In any case, if the parties agree that those additional depositions and Plaintiff's new request for inspection are appropriate but cannot identify dates that are mutually convenient for the witnesses and counsel before May 6, 2022, then, at that point (and as Amazon has already suggested to Plaintiff's counsel) the parties can jointly request from the Court a limited extension for the sole purpose of allowing those depositions and inspection to occur. At this time, however, there is simply no concrete reason to conclude that an extension is necessary.

**II.**     **Class Certification & Summary Judgment**

*Plaintiff's Position on Class Certification & Summary Judgment Briefing Schedules.* Plaintiff respectfully submits that expert discovery on merits issues is not necessary for briefing on, or for a determination as to the propriety of, class certification.  **The Seventh Circuit has reiterated that the language of Rule 23(c)(1) suggests that the district court should seriously consider certifying a class "as soon as practicable, which will usually be before the case is ripe for summary judgment."  *Cowen v. Bank United of Tex.*, 70 F.3d 937, 941 (7th Cir. 1995).** Moreover, if the Court decides to consider Defendant's summary judgment motion first, Defendant is creating a one-way intervention problem for itself.  *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 475 (7th Cir. 1997) ("[I]t is the better policy for a district court to dispose of a motion for class certification promptly and *before* ruling on the merits of the case [though not necessarily reversible error].").  If the court decides class certification first, then any decision on the merits would be applied equally to Plaintiff's and all class members' claims. This would also promote judicial economy, because then the Court would avoid opening the floodgates to subsequent class action cases filed on behalf of new plaintiffs who are putative class members here.  Accordingly, Plaintiff proposes that the deadline to move for class certification be thirty (30) days after the close

5

of fact discovery. And, Plaintiff respectfully submits that any motion for summary judgment be filed within thirty (30) days of the completion of expert discovery.

*Amazon's Position Statement Regarding Class Certification & Summary Judgment Briefing Schedules*. As the Court is aware, Amazon confirmed at the last status conference that it intends to rely on expert discovery to oppose class certification. *See* Tr. of Feb. 23, 2022 Status Conference (Dkt. 59), at 4:5-12. In response, the Court confirmed that Amazon would be allowed to conduct expert discovery before the Court addresses class certification. *See id.* at 8:18-21. Thus, while Amazon takes no position on when Plaintiff files her motion for class certification, Amazon continues to believe that the parties should be allowed to complete expert discovery before the Court determines whether to certify a class, and likewise any response to a class certification motion should be scheduled for a reasonable time following the close of expert discovery.

Amazon's position on the timing of summary judgment also remains the same. For at least two reasons, Amazon respectfully submits that this Court should resolve Amazon's anticipated motion for summary judgment focused on Plaintiff's individual claims before addressing class certification.

**First,** entertaining a summary judgment motion targeting Plaintiff's claims before class certification would be efficient because it would allow the Court to resolve threshold legal issues that could dispose of the case before the parties incur the significant time and expense of litigating class certification and (if a class is certified) the additional time and expense of negotiating the content of the notice and the means of providing notice to class members; identifying the members of the class to be notified; retaining an appropriate firm to send notice; and providing notice.

**Second,** Amazon's anticipated defenses are the types of defenses that should be raised and resolved at the earliest possible opportunity. For example, Amazon intends to argue that Plaintiff's

6

claims are barred by the Public Readiness and Emergency Preparedness ("PREP") Act, 42 U.S.C. § 247d-6d, which provides immunity to covered entities (including Amazon) against claims relating to the use of certain approved or authorized countermeasures and devices (including thermal cameras) meant to prevent or mitigate the transmission of COVID-19. Early resolution of this legal question is especially appropriate given Congress's intent that a covered entity "be immune *from suit*," as well as from liability. *Id.* § 247d-6d(a)(1) (emphasis added); *cf. Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 988 (7th Cir. 2012) (because qualified immunity provides immunity from suit, it must be decided "as early in the proceedings as possible").[1]

In addition, Amazon expects the evidence to show that Amazon did not collect, capture, possess, or disclose any of Plaintiff's "biometric identifiers" or "biometric information" (collectively, "biometric data"), as those terms are defined in the Illinois Biometric Information Privacy Act, 740 ILCS 14/10 ("BIPA"). Not only does this mean Plaintiff's BIPA claims fail as a matter of law, it also means that this Court lacks subject matter jurisdiction over Plaintiff's claims and Plaintiff's claims should be dismissed for lack of standing. A BIPA plaintiff suffers an injury-in-fact sufficient to satisfy Article III standing only if she suffers "a concrete and particularized invasion of her privacy interest in her biometric data." *Fox v. Dakkota Integrated Sys.*, LLC, 980 F.3d 1146, 1149 (7th Cir. 2020). Here, because Amazon did not collect, capture, possess, or disclose Plaintiff's biometric data, any privacy interest in that data could not have been invaded and Plaintiff lacks Article III standing to bring her claims in federal court. And, like immunity from suit, subject matter jurisdiction is "an issue that should be resolved early." *United*

---

[1] Of course, Amazon is ready, willing, and able to submit a motion for summary judgment purely on this limited legal issue prior to more extensive expert discovery, summary judgment motion practice, and class certification briefing. Amazon would be happy to discuss this approach in more depth should the Court desire.

7

*Phosphorous, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012).

For all these reasons, a summary judgment motion addressing Plaintiff's individual claims is the appropriate next step after fact and expert discovery are completed. If Plaintiff's individual claims survive summary judgment, then the parties can address class certification, and if the Court certifies a class, then Amazon can bring a further and more streamlined motion for summary judgment to resolve any remaining defenses regarding the class's claims—e.g., defenses that turn on facts about devices that were not used at the facility where Plaintiff worked—shortly thereafter.

### III.  Status of Settlement Discussions

On January 26, 2022, Plaintiff submitted a class-wide settlement demand to Amazon. Amazon has expressed openness to discussing settlement at an appropriate time but has not yet responded to Plaintiff's settlement demand.

| /s/ *Ryan F. Stephan* | /s/ *Susan D. Fahringer* |
|---|---|
| Ryan F. Stephan (Lead Counsel)<br>James B. Zouras<br>Catherine T. Mitchell<br>Stephan Zouras, LLP<br>100 N. Riverside Plaza, Suite 2150<br>Chicago, Illinois 60606<br>312.233.1550<br>312.233.1560 *f*<br>jzouras@stephanzouras.com<br>rstephan@stephanzouras.com<br>cmitchell@stephanzouras.com | Susan D. Fahringer<br>Ryan Spear<br>Erin Earl<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>206.359.8000<br>206.359.9000 *f*<br>SFahringer@perkinscoie.com<br>RSpear@perkinscoie.com<br>EEarl@perkinscoie.com<br><br>Debra R. Bernard<br>Kathleen A. Stetsko<br>PERKINS COIE LLP<br>131 South Dearborn Street, Suite 1700<br>Chicago, Illinois 60603-5559<br>312.324.8400<br>312.324.9400 *f*<br>DBernard@perkinscoie.com<br>KStetsko@perkinscoie.com |