UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cynthia Redd, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Amazon.com, Inc. and Amazon.com, LLC,<br><br>Defendants. | Case No. 20-cv-6485<br><br>Judge Mary M. Rowland |

## ORDER

In this case Cynthia Redd, on behalf of herself and other putative class members, claims that Amazon violated the Illinois Biometric Information Privacy Act (BIPA). Plaintiff has moved for leave to file a third amended complaint. For the reasons stated herein, Plaintiff's motion [66] is denied. Amazon's motion for leave to depose former named plaintiffs [69] is granted in part.

## STATEMENT

Plaintiff moves to file a third amended complaint (TAC). Defendants Amazon.com, Inc. and Amazon.com, LLC (collectively, Amazon) oppose the motion to amend. Amazon has also filed a motion for leave to depose two former named plaintiffs in this case, Michael Jerinic and William Naughton. Plaintiff objects to that motion.

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to amend pleadings "when justice so requires." *See also Ass'n of Am. Physicians & Surgeons, Inc. v. Am. Bd. of Med. Specialties*, 15 F.4th 831, 835 (7th Cir. 2021) (noting that Rule 15(a)(2) takes a "liberal approach to granting leave to amend") (quoting *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018)). Courts may, however, deny leave to amend "where there is a good reason to do so: 'futility, undue delay, prejudice, or bad faith.'" *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 946 (7th Cir. 2020) (quoting *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 417 (7th Cir. 2019)). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962). Ultimately, the "decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys*

*v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002)).

### *Motion to Amend*

Plaintiff argues that her proposed TAC is filed in good faith and will not prejudice Amazon because this case is currently in discovery, expert discovery has not taken place, and the request is made "promptly after discovering new information giving rise to new and important facts." (Dkt. 66 at 1). Plaintiff says that she determined, based on discovery produced by Amazon and recent depositions, that in addition to Amazon's thermal cameras and software used to conduct temperature screening checks on workers, Amazon also captures and collects workers' facial geometry scans through other cameras and related software in Amazon's Illinois workplaces. (*Id*. at 3). And, Plaintiff claims, Amazon shares the images and video data captured from all of these cameras with its Rekognition software program. (*Id*. at 3–4). Amazon responds that Plaintiff's request is untimely because fact discovery in this case is almost closed and the motion is based on speculation and on information Plaintiff and her counsel had when this case was filed in September 2020. (Dkt. 72 at 4). Amazon argues that Plaintiff's new allegations about "thousands of [other] cameras" and that Amazon shared the biometric data collected from its employees "with Amazon Web Services, Inc. ('AWS') to train [the] Rekognition technology service" raise novel and complex issues not raised before. (*Id*. at 4–5).

First, the Court addresses Amazon's argument that Plaintiff's motion should be denied because of the delay. Amazon contends that, contrary to Plaintiff's characterization, discovery is not in the early stages and the new allegations are based on information that Plaintiff and her counsel have had for months or longer. Indeed, fact discovery has been ongoing for sixteen months and is set to close soon (after multiple extensions) on June 30, 2022. Depositions are nearly complete. Primary expert disclosures are due soon, and the deadline for primary expert discovery is July 22, 2022. (*See* Dkt. 61). As the court in *Finnerman v. Daimler Chrysler Corp*. explained, where the "motion to amend was filed near the close of the fact discovery period in this case," such timing "is disfavored in the Seventh Circuit." No. 16-CV-451, 2017 WL 4772736, at *3 (N.D. Ill. Oct. 23, 2017).

Delay is also evidenced by the fact that Redd began working at Amazon in approximately September 2020 (Dkt. 66-1 ¶ 3), and by her testimony that she became aware of the non-thermal cameras while working there. As Amazon points out, Redd came into this case as the named Plaintiff on January 13, 2022, so she could have moved to add these allegations then. Plaintiff does not dispute this (*see* Dkt. 75). Amazon argues (and again, Plaintiff does not dispute) that these allegations could have been added even earlier, since the two former named plaintiffs also knew or should have known about the cameras. In addition, the allegations appear to be based on documents referencing Rekognition that Amazon produced seven months ago in

2

November 2021. Plaintiff does not address this point raised by Amazon (*see* Dkt. 75). And Plaintiff fails to explain how this is "new" information. *See Enriquez v. U.S. Cellular*, No. 06 C 3135, 2007 WL 9813326, at *2 (N.D. Ill. May 3, 2007) (explaining that "[i]n deciding a motion to amend, a district court should consider whether the claim could have been added earlier").

Next, Amazon believes it would be unduly burdened by another amendment. "Defense of a new claim obviously will require additional rounds of discovery, in all probability interview of new witnesses, gathering of further evidence, and the identification of appropriate legal arguments." *Feldman v. Allegheny Int'l, Inc.*, 850 F.2d 1217, 1225 (7th Cir. 1988); *see also Mendez v. City of Chicago*, No. 18-CV-6313, 2021 WL 3487333, at *5 (N.D. Ill. Aug. 9, 2021). Here, although Plaintiff does not seek to add a separate new claim, the proposed amendment significantly expands the existing claims.

Since it was filed in 2020, this case has focused only on the claim that the thermal cameras Amazon used to check employees' body temperatures during the COVID-19 pandemic were also used to collect employees' biometric data. Plaintiff now seeks to broaden the scope to all cameras used by Amazon in any of its warehouse facilities. None of the three prior complaints have referenced AWS or Rekognition. Thus, Plaintiff's new focus on thousands of additional and different cameras would greatly expand the scope of discovery. The new allegations about AWS and Rekognition would also require more discovery of Amazon as well as non-party AWS.[1] *See Campbell v. Ingersoll Mill. Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990) ("Eleventh hour additions of new legal and factual theories inevitably require new rounds of discovery and additional legal research. This is bound to produce delays that burden not only the parties to the litigation but also the judicial system and other litigants."); *see also Enriquez*, No. 06 C 3135, 2007 WL 9813326, at *2 (finding that plaintiffs' proposed amendment would impose undue prejudice when plaintiffs had notice of the potential existence of the claim long before they sought leave to amend, plaintiffs moved for leave to amend days before the discovery deadline, and plaintiffs received multiple discovery extensions). Plaintiff concedes that there has already been "voluminous" discovery in this case. Also, the proposed TAC would cause the discovery timeframe to expand beyond the current relatively short period of time in 2020 and 2021 during which the thermal cameras were used. Finally, expert discovery, which, as the case currently stands, will likely focus solely on thermal cameras, would necessarily expand to include every type of camera device used in Amazon's facilities. This additional discovery would require additional extensions to the fact discovery cutoff which this Court has already set and extended multiple times.

---

[1] Plaintiff does not dispute that AWS is a separate legal entity that is not named as a defendant in this case. (*see* Dkt 72 at 15; Dkt. 75).

As the party seeking leave to amend, Plaintiff has the burden of showing that Defendants will not be prejudiced by the amendment. *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994). Plaintiff argues that "fairness is not the test." (Dkt. 75 at 6). But prejudice is. Plaintiff has not met her burden.[2] Plaintiff argues that she will be "forced to file a new case" alleging the same BIPA violations (Dkt. 75 at 2). However "[t]here must be a point at which a plaintiff makes a commitment to the theory of its case," *Parisi v. Wexford Health Sources, Inc.*, 2020 WL 247394, at *8 (N.D. Ill. Jan. 16, 2020) (quoting *Johnson v. Methodist Med. Ctr.*, 10 F.3d 1300, 1304 (7th Cir. 1993), *cert. denied*, 511 U.S. 1107 (1994)).

In sum, the Court finds, in its discretion, that amendment is not warranted. The second amended complaint remains the operative complaint.

### *Motion for Leave to Depose*

Amazon moves for leave to depose former named plaintiffs, Mr. Jerinic and Mr. Naughton. Amazon argues that both individuals possess discoverable information about important issues, including the central claim in this case—that Amazon used thermal cameras to collect employees' biometric data. Neither has objected to being deposed. (Dkt. 69 at 3). Plaintiffs respond that as absent putative class members, their depositions are not warranted because Amazon's witnesses and Plaintiff have already testified about the same information during their depositions.

Mr. Jerinic and Mr. Naughton are *former named plaintiffs* who were active participants, not merely absent class members. Jerinic was the sole named plaintiff for about six months; Naughton for about eight months. Plaintiff relies on *In re Navistar*, decided at a different procedural posture. That case analyzed whether to condition a voluntary dismissal under Rule 41(a)(2): "When a plaintiff seeks to bow out as a proposed class representative, voluntary dismissal can be properly conditioned on the plaintiff's responding to outstanding discovery requests." *In re Navistar MaxxForce Engines Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 14-CV-10318, 2018 WL 316369, at *3 (N.D. Ill. Jan. 4, 2018).

The Court will permit limited depositions of Mr. Jerinic and Mr. Naughton. Amazon should conduct their depositions remotely, at a time that is convenient for the deponents, and must limit each deposition to no more than *two* hours on the

---

[2] Plaintiff's reliance for example on *Garner v. City of Country Club Hills, Illinois*, No. 11-CV-05164, 2013 WL 6730184 (N.D. Ill. Dec. 20, 2013) is not persuasive. The *Garner* court allowed an amendment to add evidence spoliation claims. Plaintiff there discovered spoliation during discovery. The *Garner* court also concluded that there was not undue prejudice because additional discovery would be minimal, limited in scope, and readily available to defendants. In this case, Plaintiff suggests the additional discovery could be completed "in the next three to six months" (Dkt. 75 at 6) but does not address Amazon's argument about the greatly expanded scope of discovery that would result from the proposed amendment.

record. Amazon must limit the scope of its questioning to the three topics that Plaintiff identifies in its response brief (Dkt. 73 at 6). These depositions must be completed by July 22, 2022.

## **CONCLUSION**

For these reasons, this Court denies Plaintiff's motion for leave to file a third amended complaint [66]. Amazon's motion for leave to depose former named plaintiffs [69] is granted in part.

E N T E R:

Dated: June 17, 2022

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge